# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MONTES, | 1:09-cv-01214-AWI-SMS (HC) |
|            Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO |
|    v. | DISMISS |
| | [Doc. 11] |
| DERRAL G. ADAMS, Warden | |
|            Respondent. | |
| _____/ | |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

     Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation. Petitioner filed the instant petition for writ of habeas corpus on July 13, 2009. (Court Doc. 1.) Petitioner does not challenge the validity of his confinement; rather, he challenges the affects of his placement in the Security Housing Unit ("SHU").

     Respondent filed the instant motion to dismiss on November 12, 2009, and Petitioner filed an opposition on December 23, 2009. (Court Docs. 11, 14.)

## DISCUSSION

I.    <u>Procedural Grounds for Motion to Dismiss</u>

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

II.     Failure to State Cognizable Claim

Respondent argues that this Court lacks jurisdiction to review the instant petition because "success would not affect the fact or duration of [Petitioner's] confinement." (Motion to Dismiss, at 2.)

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Court agrees with Respondent that Petitioner's challenge to the affects his placement in the SHU will have on a future parole decision is not cognizable under section 2254. The instant petition challenges only the affect Petitioner's placement in the SHU will have on future parole decision, and such challenge is too speculative to establish habeas corpus jurisdiction. However, in his opposition, Petitioner elaborates on his claim and contends that he also

2

challenges the lack of ability to earn good-time credits due to his placement in the SHU. To this end, the Court finds that Petitioner states a cognizable claim under section 2254. Petitioner points out that prior to entering the SHU he was earning good time credit and it is reasonable to assume he would have continued to earn such credits but for his placement in the SHU. It will likely accelerate his sentence if he were to succeed with this petition. Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under section 2254, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), "habeas jurisdiction is absent, and a 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Because Petitioner's placement in the SHU may have an impact on the duration of his confinement, it may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-878 (9th Cir. 1990). Therefore, the Court recommends that Respondent's motion to dismiss the initial petition be granted, but Petitioner be given leave to file an amended petition to clarify his claim. See Jarvis v. Nelson, 440 F.2d 13, 14, (9th Cir. 1971) (A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.)

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED, but Petitioner be given leave to file an amended petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

3

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** <u>**February 18, 2010**</u>      <u>        /s/ Sandra M. Snyder        </u>
                                    UNITED STATES MAGISTRATE JUDGE