# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MONTES, | 1:09-cv-01214-AWI-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| DERRAL G. ADAMS, Warden | [Doc. 30] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 13, 1999. On November 12, 2009, Respondent filed a motion to dismiss. Petitioner filed an opposition on December 23, 2009.

On February 18, 2010, the undersigned issued Findings and Recommendation recommending that Respondent's motion to dismiss the petition be granted, but Petitioner be given leave to file an amended petition.

On May 21, 2010, Petitioner filed objections to the Findings and Recommendation.

On September 28, 2010, Judge Ishii adopted the Findings and Recommendation.

Petitioner filed an amended petition on November 8, 2010. Respondent filed a motion to dismiss on March 29, 2011. Petitioner filed an opposition on May 6, 2011, and Respondent filed a reply on May 17, 2011.

DISCUSSION

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

II.  Failure to State Cognizable Claim

Respondent initially argues that Petitioner's "request for relief is not cognizable as a federal habeas action because providing Montes with any additional credits will not shorten his sentence or ensure his release on parole." (Motion to Dismiss, at 2.)  In the alternative, Respondent argues even assuming the claims are cognizable in a federal habeas action, "he failed to allege any facts that could support a federal due process claim." (Id.)

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S.

///

2

136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner alleges that his due process rights were violated when he was validated as an associate to a prison gang. Petitioner claims that as a result of the gang validation, he was housed in the security housing unit and lost the opportunity to earn credits against his sentence. However, because Petitioner is an indeterminately sentenced inmate, his placement in the security housing unit does not impact the duration of his confinement.

Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under section 2254, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), "habeas jurisdiction is absent, and a 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

A life prisoner's "Minimum Eligible Parole Date," (MEPD) is the "earliest date on which an Indeterminate Sentence Law or life prisoner may be legally released on parole." See Cal. Code Regs., tit. 15, § 3000; see also Cal. Code Regs., tit. 15, § 2000(b)(67). However, the actual length a prisoner must serve prior to release is determined by the Board of Parole. The prisoner's MEPD determines the timing of the prisoner's initial suitability hearing-one year prior to the MEPD. See e.g. Alley v. Carey, 2010 WL 4386827 1 6 (9th Cir. Nov. 5, 2010) (unpublished) (good time credit affects minimum eligible parole date).

California Penal Code section 190(a) mandates the CDCR apply any good behavior credits against the minimum term for purposes of establishing the MEPD. Those credits need not be reapplied to the actual term it eventually sets if, and when, the prisoner is determined eligible for parole. In re Dayan, 231 Cal.App.3d 184, 188 (1991); see also Cal. Code Regs., tit. 15, § 2400 ("The department's decisions [regarding credit] do not affect the Board's decision concerning postconviction credit pursuant to these rules."). It is theoretically possible that if a prisoner is determined eligible for parole at the earliest possible time, credits may be of use in actually reducing the amount of time a prisoner served prior to the initial parole suitability hearing being set. See People v. Rowland, 134 Cal.App.3d 1, 13-14 (1982). However, the determination of

3

1  Petitioner's actual release is dependent upon the Board of Parole finding him suitable for release,
2  irrespective of the amount of time served. Cal. Pen. Code § 3041(b); Cal. Code Regs., tit. 15, §
3  2281(a).
4  　　　　Therefore, the credits that Petitioner is allowed to earn by statute as a life prisoner do not
5  have a direct impact upon the amount of time Petitioner must actually serve unless and until the
6  Board of Parole determines he is suitable for release. In this case, Petitioner was found unsuitable
7  for release at his initial parole hearing on September 5, 2008. (Amd. Pet. at ECF 8 of 175.)
8  Petitioner will continue to receive parole consideration hearing at intervals set by the Board and
9  the credits do not direct impact the duration of Petitioner's sentence. Cal. Pen. Code §§ 3041,
10 3041.5.
11 　　　　Even if it is assumed that Petitioner could receive relief by application of all the credits he
12 may have earned if not validated as a gang member, it would not change his status as a life inmate
13 who receives parole consideration hearing at set intervals. Therefore, success in this matter will
14 not accelerate his eligibility for parole-a date that has come and gone, and there is no affect on the
15 duration of his confinement.
16 　　　　In addition, even if Petitioner succeeded in eliminating his validation as a gang member
17 there is no guarantee he would be released. The Board of Parole is vested with various factors to
18 determine if the prisoner is suitable for release. See e.g. Cal. Pen. Code § 3041(b), Cal. Code
19 Regs. tit. 15, §§ 2402(b), 2402(c)-(d). Accordingly, there can be no showing that Petitioner would
20 be released absent his gang validation and any claim to the contrary is pure speculation.
21 　　　　Furthermore, any challenge to his placement in the security housing unit does not impact
22 the fact or duration of his confinement. Rather, such challenge is related to the conditions of his
23 confinement which is not cognizable by way of a habeas corpus petition. If Petitioner were
24 successful in challenging his retention in the SHU and he were released to a different section of
25 the prison it would not affect the duration of his confinement. Also, there is no protected federal
26 liberty interest in the ability to earn future credits, as distinct from credits already earned. Cal.
27 Pen. Code § 3933(c) ("Credit is a privilege not a right"); Sandin v. Conner, 315 U.S. 472; see also
28 Abed v. Armstrong, 209 F.3d 63, 66-67 (2d Cir. 2000) (although inmates have a liberty interest in

good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit).

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 26, 2011**                          **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE